J-S30012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HALSTON ANDRE JENNINGS | |
| Appellant | No. 1987 EDA 2014 |

Appeal from the Judgment of Sentence June 4, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000352-2007;
CP-15-CR-0003343-2007

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                          **FILED JULY 14, 2015**

Appellant, Halston Andre Jennings, appeals from the judgment of sentence entered in the Chester County Court of Common Pleas, following revocation of his probation.  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. On June 19, 2007, Appellant pled guilty to possession of drug paraphernalia at docket CP-15-CR-0000352-2007 ("352-2007"), and the court sentenced him to twelve months' probation.  On January 31, 2008, Appellant pled guilty to driving under the influence of a controlled substance ("DUI") and firearms not to be carried without a license at docket CP-15-CR-0003343-2007 ("3343-2007").  That same day, the court sentenced Appellant to

seventy-two hours' to six months' imprisonment for DUI and a concurrent twelve months' probation for firearms not to be carried without a license, both to be served consecutively to Appellant's separate sentence at docket 109-2008.[1]  Appellant's supervision was set to expire on July 26, 2012.

While under supervision, Appellant violated his probation on docket 352-2007.  After a hearing on February 15, 2008, the court revoked Appellant's probation and resentenced him to twelve months' probation, consecutive to Appellant's sentence at docket 109-2008.  Appellant's reinstated probation was set to expire on July 26, 2012.  On July 12, 2012, while Appellant was still under supervision, a petition was filed to find Appellant had violated his probation at dockets 352-2007 and 3343-2007.  Thereafter, on August 9, 2012, the court revoked Appellant's probation on both dockets, and resentenced him to twelve months' probation at docket 352-2007, and twelve months' probation at docket 3343-2007, to be served concurrently.  Appellant's reinstated probation at both dockets was set to expire on August 1, 2013.

On May 21, 2013, a petition was filed to find Appellant had again violated his probation at dockets 352-2007 and 3343-2007.  The petition

---

[1] On January 31, 2008, Appellant also pled guilty to firearms not to be carried without a license at docket 139-2008, and possession with intent to deliver ("PWID") at docket 109-2008.  That same day, the court sentenced Appellant at docket 139-2008 to twelve to twenty-four months' imprisonment, and six to twelve months' imprisonment at docket 109-2008, consecutive to docket 139-2008.

alleged Appellant had been found in possession of illegal drugs on February 11, 2013 and April 16, 2013, and that Appellant had been arrested in Delaware County on April 16, 2013, and was charged with five counts of PWID, five counts of possession of a controlled substance, five counts of possession of drug paraphernalia, and five counts of criminal use of a communication facility. The court conducted a **Gagnon II**[2] hearing on June 4, 2014, and revoked Appellant's probation at dockets 352-2007 and 3343-2007. At docket 352-2007, the court resentenced Appellant to six to twelve months' imprisonment. At docket 3343-2007, the court resentenced Appellant to two and one-half to five years' imprisonment, consecutive to his sentence at docket 352-2007.

On July 1, 2014, Appellant filed a petition for *nunc pro tunc* relief in which he requested permission to file an otherwise untimely post-sentence motion. That same day, Appellant timely filed a notice of appeal. The court ordered Appellant on July 3, 2014, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On August 5, 2014, the court entered an order regarding Appellant's non-compliance with the court's Rule 1925(b) order, and deemed all appellate issues waived. The court also concluded Appellant's contemporaneous filing of a notice of appeal with his petition for *nunc pro tunc* relief divested the court of jurisdiction to

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

rule on Appellant's petition. Thereafter, on August 28, 2014, this Court remanded to determine the issue of Appellant's legal representation on appeal. After conducting an evidentiary hearing, the court appointed a public defender to represent Appellant on appeal. On October 14, 2014, the court again ordered Appellant to file a Rule 1925(b) statement, and Appellant's counsel filed a notice of intent to file an **Anders** brief. Appellant's counsel subsequently filed a petition to withdraw in this Court on March 6, 2015.

As a preliminary matter, appellate counsel seeks to withdraw her representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent

evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super. 1997)).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> * * *
>
> Under **Anders,** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

[3] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

*Id.* at 178-79, 978 A.2d at 361.

Instantly, counsel filed a petition to withdraw. The petition states counsel conducted a conscientious examination of the record and determined the appeal is wholly frivolous. Counsel notified Appellant of counsel's request to withdraw. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional points that Appellant deems worthy of this Court's attention. (**See** Letter to Appellant, dated March 2, 2015, attached to Petition to Withdraw as Attorney of Record.) In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's discretionary aspects of sentencing issues raised on appeal. Counsel further states the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

As Appellant has filed neither a *pro se* brief nor a brief with privately retained counsel, we review this appeal based on the issues raised in the **Anders** brief:

> DOES THE IMPOSITION OF A 2½-5 YEAR STATE SENTENCE AND A 6-12 MONTH INCARCERATION SENTENCE FOR PROBATION VIOLATIONS IN A FIREARM CARRIED WITHOUT A LICENSE CASE AND A POSSESSION OF PARAPHERNALIA CASE RESPECTIVELY RAISE A SUBSTANTIAL QUESTION THAT THE SENTENCING CODE WAS VIOLATED BY THE SENTENCING COURT WHICH

IMPOSED THE SENTENCES AFTER A DECISION THAT APPELLANT HAD FAILED TO MEET TERMS OF THE COURT'S PROBATION SUPERVISION WHEN CONVICTED OF FOUR COUNTS OF POSSESSION WITH INTENT TO DELIVER IN DELAWARE COUNTY AND ONE COUNT OF POSSESSION WITH INTENT TO DELIVER AND RESISTING ARREST IN CHESTER COUNTY? ARE SUCH SENTENCES AN ABUSE OF THE SENTENCING COURT'S DISCRETION?

IF THIS HONORABLE COURT WERE TO FIND THAT NO SUBSTANTIAL QUESTION EXISTS, APPELLANT'S CLAIM IS WITHOUT MERIT. A FINDING BY THIS HONORABLE COURT THAT A SUBSTANTIAL QUESTION EXISTS, BUT THE SENTENCING COURT DID NOT ABUSE ITS WIDE DISCRETION IN SENTENCING IS ALSO TANTAMOUNT TO A FINDING THAT APPELLANT'S CLAIM LACKS MERIT.

(**Anders** Brief at 5).

In his issues combined, Appellant argues his aggregate sentence of eight and one-half to seventeen years' imprisonment, followed by at least two years' probation, is manifestly excessive.[4] Specifically, Appellant claims his aggregate sentence constitutes too severe a punishment because the court imposed consecutive sentences, which he insists raises a substantial question. Appellant concludes the court abused its discretion. As presented, Appellant challenges the discretionary aspects of his revocation sentence. **See Commonwealth v. Prisk**, 13 A.3d 526 (Pa.Super. 2011) (stating

_____

[4] Appellant's aggregate sentence includes the revocation sentences of six to twelve months' imprisonment and two and one-half to five years' imprisonment at dockets 352-2007 and 3343-2007, respectively. Appellant mistakenly also counts an unrelated, separate sentence of five and one-half to eleven years' imprisonment imposed at Chester County docket 4245-2013.

generally allegations regarding sentencing court's imposition of consecutive or concurrent sentence challenges discretionary aspects of sentencing); ***Commonwealth v. Lutes***, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding and the legality of the judgment of sentence imposed. ***Commonwealth v. Heilman***, 876 A.2d 1021 (Pa.Super. 2005). Notwithstanding the stated scope of review suggesting only the legality of a sentence is reviewable, an appellant may also challenge the discretionary aspects of a sentence imposed following revocation. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). ***See also Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*) (discussing scope of review following revocation proceedings includes discretionary sentencing claims).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Sierra, supra***. Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***See*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***See*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the

Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The concise statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." ***Commonwealth v. Kiesel***, 854 A.2d 530, 532 (Pa.Super. 2004) (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa.Super. 2000), *appeal denied,* 563 Pa. 672, 759 A.2d 920 (2000)). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.'" ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*).

> [O]nly where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a

> substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence. *See* [*Commonwealth v. Koehler*, 558 Pa. 334, 370, 737 A.2d 225, 244 (1999)] (party must articulate why sentence raises doubts that sentence was improper under the Sentencing Code).

*Mouzon, supra* at 435, 812 A.2d at 627.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13. A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. *Mouzon, supra* at 435, 812 A.2d at 627. Generally, any challenge to a sentencing court's imposition of a consecutive sentence, rather than a concurrent one, does not raise a substantial question. *Prisk, supra* at 533.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321, 322 (Pa.Super. 2006). A

sentence should not be disturbed where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion. ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa.Super. 2000).

The Sentencing Guidelines do not apply to sentences imposed following revocation of probation. ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa.Super. 2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196 (2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa.Super. 2001). A court can sentence a defendant to total confinement after revoking probation if the defendant was convicted of another crime, the defendant's conduct indicates that it is likely that he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority. ***Commonwealth v. Crump***, 995 A.2d 1280 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010).

Instantly, Appellant failed to file a timely post-sentence motion to preserve his sentencing challenges. ***See Commonwealth v. Mann***, 820 A.2d 788 (Pa.Super. 2003) (stating issues that challenge discretionary aspects of sentencing are generally waived if they are not raised during sentencing proceedings or in post-sentence motion). Furthermore, upon review of Appellant's Rule 2119(f) statement, we observe Appellant failed to

meet the minimal requirements under Rule 2119(f). Appellant's Rule 2119(f) statement baldly asserts Appellant's revocation sentences were improper without articulating why or indicating which particular provision of the sentencing code his revocation sentences violate. *See Kiesel, supra*. Because Appellant failed to file a timely post-sentence motion and his Rule 2119(f) statement is completely inadequate, Appellant has arguably waived his sentencing issues. *See Mann, supra*; *Mouzon, supra.* *See also Commonwealth v. Cannon*, 954 A.2d 1222 (Pa.Super. 2008) (reiterating inadequate Rule 2119(f) statement constitutes failure to raise substantial question as to discretionary aspects of sentence).

Moreover, even if properly preserved, Appellant's discretionary aspects of sentencing claims concerning consecutive sentencing do not raise substantial questions.[5] *See Mouzon, supra*; *Prisk, supra*. Based upon the foregoing, we conclude Appellant's revocation sentences should remain undisturbed. *See Hoover, supra*. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

_____

[5] *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009) (explaining *Anders* requires some further review of issues otherwise waived on appeal).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/14/2015</u>